**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

Steven Jackson                                    )
1001 Spring Gate Road                             )
Catonsville, Maryland 21228                       )
                                                  )
                                                  )
                                                  )
               Plaintiff,                         )
                                                  )
         vs.                                      )        No. _____
                                                  )
Lorenzo Samuels                                   )
201 Warren Avenue                                 )
Apt. 413                                          )
Baltimore, Maryland 21230                         )
                                                  )
                                                  )
                                                  )
               Defendant.                         )
_____ )

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

For his Complaint, Steve Jackson alleges the following:

**NATURE OF THE CASE**

This is an action for false designation of origin and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement, and unfair competition under Maryland common law; violation of the Truth in Music Advertising Act, Md. Code Ann. § 11-1501 *et seq.*; and trademark cancellation under the Lanham Act, 15 U.S.C. § 1119. Steven Jackson seeks preliminary and permanent injunctive relief to prevent Defendant Lorenzo Samuels and those in active concert or participation with Defendant, from any further use of the trademark THE SOFTONES in commerce in connection with the performance of live music and musical recordings.

1

**PARTIES**

1.   Plaintiff Steven Jackson ("Mr. Jackson" or "Plaintiff") is a founding member of the classic soul recording and performing group known as THE SOFTONES. Mr. Jackson resides in Catonsville, Maryland.

2.   Upon information and belief, Defendant Lorenzo Samuels ("Defendant") is a resident of Baltimore, Maryland who engages in live musical performances with a group referred to as "The Softones."

**JURISDICTION AND VENUE**

3.   These claims arise under the laws of the United States under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under Maryland statutory and common law.  This Court has original subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 and pendent jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 in that said state claims are joined with a substantial and related claim under the trademark laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

4.    This Court has specific personal jurisdiction over the Defendant as he is a resident of Maryland and has purposefully committed, within the state, acts from which these claims arise and/or has committed tortious acts outside of Maryland, knowing and intending that such acts would cause injury within the state.

2

## FACTS COMMON TO ALL COUNTS

**History of THE SOFTONES and Their Marks**

5.  In 1972, J. Marvin Brown, Byron Summerville, Steven Jackson and Elton Lynch began performing as a singing group in the Baltimore metropolitan area under the name "The Soft Tones."

6.  Their local reputation grew rapidly and spread regionally and The Soft Tones released their first album in 1973 at which time the group's name was changed to "THE SOFTONES."

7.  The group went on to release multiple recordings on the Avco Records label.  Some of their more popular tracks include "My Dream", "Can't Help Falling In Love", "I'm Gonna Prove It", and "That Old Black Magic."

8.  Over the years, THE SOFTONES performed regionally and nationally and their live performances garnered a particularly strong following in the Mid-Atlantic region.

9.  Messrs. Brown, Summerville and Lynch are now deceased leaving Mr. Jackson as the sole surviving original member of THE SOFTONES.

10.  Over the years, THE SOFTONES have expended substantial time and effort in perfecting a unique stage craft including their style, movements, dress, stage show and the manner in which they perform their songs.

11.  THE SOFTONES have recorded and performed their signature smooth soul style of music to international acclaim for over forty years.

12.  THE SOFTONES recordings have been and continue to be sold throughout the United States and abroad.

13.     Since the formation of THE SOFTONES, Plaintiff has appeared on sound recordings and performed live under THE SOFTONES mark throughout the United States and abroad.  For example, over the last few years, Plaintiff has performed with THE SOFTONES in Philadelphia, Pennsylvania; Columbia, Maryland; Baltimore, Maryland; and Nassau, Bahamas.  Indeed, Plaintiff is scheduled to perform with THE SOFTONES on April 20, 2024 at the Lyric Theater in Baltimore.

14.     Plaintiff has invested substantial time, money and effort in developing the goodwill associated with THE SOFTONES trademark.

15.     Plaintiff owns and uses the common law trademark THE SOFTONES to designate and identify the source of his live performance services.

**Defendant's Willful Infringing Activities**

16.     In late 2022, Plaintiff became aware that Defendant Lorenzo Samuels was planning to engage in live performances under THE SOFTONES trademark

17.     On or about January 18, 2023, Plaintiff, through counsel, sent Defendant a cease-and-desist letter requesting that he abandon his trademark applications and informing him of Defendant prior use of THE SOFTONES mark, and the prospect of trademark infringement and violations of Maryland State law. A true and correct copy of the cease-and-desist letter is attached hereto as Exhibit 1.

18.     Defendant never responded to the cease-and-desist letter.

4

19.     Notwithstanding Plaintiff's warnings, upon information and belief, receiving the cease-and-desist letter, Defendant has conducted multiple live performances both as THE SOFTONES and THE SOFTONES REVUE. Advertisements for those performances are attached hereto as Collective Exhibit 2.

20.     On March 2, 2023, Plaintiff together with others performed a show as THE SOFTONES at the Blue Dolphin Seafood Bar and Grill in Gambrills, Maryland.

21.     Upon information and belief, the show promoters, Shelton Price and/or The Cornelius Project, LLC, sold tickets for the March 2, 2023 performance.

22.     Shelton Price, The Cornelius Project and The Blue Dolphin all posted the following advertisement for the March 2, 2023 performance on their respective social media sites:

//

//

//

//

//

//

//

//

//



23.     Upon information and belief, Defendant was aware of and approved the above advertisement.

24.     Upon information and belief, Defendant along with others, conducted another live performance as THE SOFTONES on April 2, 2023 at Chuck's Lounge in Washington, D.C.

6

25.    Upon information and belief, Defendant along with others, conducted still another live performance as THE SOFTONES on April 8, 2023 at The Prince Hall Mason Lodge in Baltimore, Maryland.

26.    Upon information and belief, Defendant along with others, conducted yet another live performance as THE SOFTONES on June 16, 2023 at La Familia Sound Stage in Baltimore, Maryland.

27.    Upon information and belief, Defendant along with others, conducted a live performance as THE SOFTONES REVUE on September 3, 2023 at the Mountain City Elks Lodge in Frederick, Maryland.

28.    Upon information and belief, Defendant along with others, conducted a live performance as either THE SOFTONES or THE SOFTONES REVUE on October 8, 2023 at the Seafarers Yacht Club in Washington, D.C.

29.    Upon information and belief, Defendant along with others, is scheduled to conduct a live performance as the SOFTONES on March 28, 2024 at the Blue Dolphin Seafood Bar and Grill in Gambrills, Maryland.

30.    Shelton Price, The Cornelius Project and The Blue Dolphin have promoted and advertised the March 28, 2024 performance on their respective social media sites as follows:

//

//

//

//

//

7



31.    Upon information and belief, Defendant was aware of and approved the above advertisement.

32.    Upon information and belief, Shelton Price and/or The Cornelius Project, LLC are currently selling tickets for the March 28, 2024 performance.

33.    Upon information and belief, Defendant first performed under THE SOFTONES trademark on March 2, 2023, two months after he received the cease-and-desist letter.

34.    Upon information and belief, Defendant is a longtime resident of Baltimore, Maryland.  Upon further information and belief, Defendant was familiar

with Plaintiff and THE SOFTONES, their recordings and live performances, before he began performing under THE SOFTONES trademark.

35.    Defendant never asked for, or obtained, permission from the Plaintiff to use THE SOFTONES mark in any form in connection with any of his live musical performances.

36.    Neither Defendant, The Blue Dolphin, The Cornelius Project nor Mr. Price were authorized to use THE SOFTONES trademark in their advertising.

37.    THE SOFTONES is an inherently distinctive trademark. As such, it has acquired special significance as the name of a distinct musical group.

38.    Defendant's improper use of THE SOFTONES mark gives the false impression to consumers and others that Defendant is endorsed, sponsored or approved by Plaintiff in a manner that is likely to cause confusion among consumers, promoters, booking agents and venue operators.

**Defendant Improper Trademark Filings**

39.    With full knowledge of Plaintiff's prior use of THE SOFTONES trademark, on December 28, 2021, Defendant filed an application with the United States Patent and Trademark Office ("USPTO") for registration of the THE SOFTONES as applied to live performances by a musical group.  The application was accorded Serial No. 97/192,796 (the "'796 Application").

40.    The '796 Application identifies Defendant as the owner of THE SOFTONES trademark.

9

41.    Defendant knew or recklessly disregarded the fact that he was not the owner of THE SOFTONES mark, and in fact knew that he did not have permission to file the '796 application.

42.    In addition, On April 7, 2023, Defendant filed statement of use in the '796 Application in which he averred under oath that "to the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

43.    Defendant made the averment identified above despite being previously informed by Plaintiff in the cease-and-desist letter of Plaintiff's common law rights in THE SOFTONES trademark.

44.    Defendant knew or recklessly disregarded the fact that Plaintiff had a prior right to use THE SOFTONES mark in commerce in connection with musical performances.

45.    The USPTO approved the '796 Application for registration and on or about June 6, 2023, the USPTO issued U.S. Registration No. 7,076,872 (the "'872 Registration").

46.    Upon information and belief, Defendant has attempted to enforce his fraudulent registration by threatening the promoter of a tribute performance to THE SOFTONES with trademark infringement.

10

47.     Further upon information and belief, Defendant misled the promoter of the March 2, 2023 and March 28, 2023 Blue Dolphin performances by insisting that he is the rightful owner of '872 Registration.

48.     Upon information and belief, Defendant's representation of ownership of the '872 Registration induced the promoter to continue to advertise the infringing performances on his social media page in violation of Plaintiff's rights.

49.     Defendant's fraudulent registration of THE SOFTONES mark has damaged and continues to damage Plaintiff's goodwill and interfere with Plaintiff's business opportunities, causing substantial harm to Plaintiff.

50.     With full knowledge of Plaintiff's prior use of THE SOFTONES trademark, on December 28, 2021, Defendant filed an application with the United States Patent and Trademark Office ("USPTO") for registration of the THE SOFTONES REVUE as applied to live performances by a musical group.  The application was accorded Serial No. 97/193,279 (the "'279 Application").

51.     The '279 Application identifies Defendant as the owner of THE SOFTONES REVUE trademark.

52.     Defendant knew or recklessly disregarded the fact that he was not the owner of THE SOFTONES REVUE mark, and in fact knew that he did not have permission to file the '279 application.

53.     In addition, On October 12, 2023, Defendant filed statement of use in the '279 Application in which he averred under oath that "to the best of the signatory's knowledge and belief, no other persons, except, if applicable,

11

authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

54.     Defendant made the averment identified above despite being previously informed by Plaintiff in the cease-and-desist letter of Plaintiff's common law rights in THE SOFTONES trademark.

55.     Defendant knew or recklessly disregarded the fact that Plaintiff had a prior right to use THE SOFTONES mark in commerce in connection with musical performances.

56.     The USPTO approved the '279 Application for registration and on or about December 5, 2023, the USPTO issued U.S. Registration No. 7,237,429 (the "'429 Registration").

57.     Upon information and belief, Defendant has attempted to enforce his fraudulent registration by threatening a promoter the promoter of a tribute performance to THE SOFTONES with infringement.

58.     Further upon information and belief, Defendant misled the promoter of the March 2, 2023 and March 28, 2023 performances at the Blue Dolphin by insisting that he is the rightful owner of '429 Registration.

59.     Upon information and belief, Defendant's representation of ownership of the '429 Registration induced the promoter, Shelton Price, to

continue to advertise the infringing performances on his social media page in violation of Plaintiff's rights.

60. Defendant's fraudulent registration of THE SOFTONES REVUE mark has damaged and continues to damage Plaintiff's goodwill and interfere with Plaintiff's business opportunities, causing substantial harm to Plaintiff.

**COUNT I**
**Trademark Infringement, False Designation of Origin,**
**and Unfair Competition**
**(15 U.S.C. § 1125(a))**
**(All Defendant)**

61. Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-60.

62. Plaintiff has continuously used THE SOFTONES mark in interstate commerce since at least 1972, and his rights in the mark are superior to any rights Defendant may claim in that mark or to any equivalent or confusingly similar mark.

63. Plaintiff owns and enjoys common law rights throughout the United States in and to THE SOFTONES mark in connection with vocal and musical performances and in connection with musical sound recordings.

64. THE SOFTONES is an arbitrary mark and is therefore inherently distinctive.

65. The marks adopted by Defendant, THE SOFTONES and THE SOFTONES REVUE, fully incorporate Plaintiff's mark.

66. Both Plaintiff and Defendant are based in Baltimore, Maryland.

13

67.     Defendant has adopted Plaintiff's trademark, and performs songs from Plaintiff's repertoire.

68.     Both Plaintiff and Defendant engage in live musical performances in the Baltimore/Washington D.C. metropolitan area.

69.     Defendant's acts herein alleged were and are intended to cause confusion, have caused confusion and will continue to cause confusion unless enjoined.

70.     These wrongful acts have proximately caused and will continue to cause harm to Plaintiff, including diminution of goodwill, confusion to the public, injury to Plaintiff's reputation, and diminution in value of THE SOFTONES trademark.  These actions have caused and will continue to cause irreparable harm and injury to the Plaintiff for which there is not adequate remedy at law.

71.     Upon information and belief, the aforesaid acts of Defendant were undertaken willfully and with the intention of causing confusion, mistake or deception as Plaintiff maintained his trademark registrations and continued to engage in live performances as THE SOFTONES and THE SOFTONES REVUE after being put on notice of his improper use of THE SOFTONES trademark.

**COUNT II**
**<u>Trademark Infringement and Unfair Competition</u>**
**<u>Maryland Common Law</u>**

72.     Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-71.

14

73.     Plaintiff owns protectable rights in THE SOFTONES mark at common law.  Plaintiff has used and continues to use THE SOFTONES mark in commerce throughout the United States and in Maryland.

74.     Defendant's unauthorized use of THE SOFTONES REVUE and SOFTONES marks as set forth herein is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection or association of Defendant with Plaintiff that they do not have.

75.     As the direct and proximate result of Defendant's deliberate and intentional conduct, Defendant has unlawfully profited and Plaintiff has suffered and will continue to suffer irreparable injury for which there is not adequate remedy at law.

76.     Upon information and belief, the aforesaid acts of Defendant were undertaken willfully and with the intention of causing confusion, mistake or deception.

77.     Defendant's conduct is aggravated by willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Plaintiff, for which Maryland law allows the imposition of exemplary damages.

**COUNT III**
**Truth in Music Advertising Act**
**Md. Code Ann., Com. Law § 11-1501 *et seq.***

78.     Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-77.

15

79.     Defendant has conducted live musical performances in Maryland using THE SOFTONES trademark before the '872 Registration was issued. None of those performances were authorized by Plaintiff.

80.     Defendant's use of THE SOFTONES mark in connection with those performances is likely to deceive or mislead consumers to believe that there is an affiliation, connection, or association between him and THE SOFTONES.

81.     Defendant has conducted live musical performances in Maryland using THE SOFTONES REVUE trademark before the '429 Registration was issued.  None of those performances were authorized by Plaintiff.

82.     Defendant's use of THE SOFTONES REVUE mark in connection with those performances is likely to deceive or mislead consumers to believe that there is an affiliation, connection, or association between him and THE SOFTONES.

83.     Defendant is not the rightful owner of the '872 and '429 Registrations.

84.     Plaintiff is entitled to damages of $45,000.

**COUNT IV**
**Cancellation of the '872 Registration Due to Likelihood of Confusion**
**Lanham Act, 15 U.S.C. § 1119**

85.     Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-84.

16

86.     The '872 Registration for THE SOFTONES claims a date of first use anywhere of March 2, 2023 and a date of first use in commerce of April 2, 2023.

87.     Plaintiff has continuously used THE SOFTONES mark in commerce in the United Sates for live musical performances and for sound recordings for well over 45 years, long before Plaintiff filed his application for and began using THE SOFTONES mark.

88.     Plaintiff is a co-owner of U.S. Trademark Application Serial No. 97/285,512 (the "'512 Application") for "musical sound recordings" in International class 009 and "live performances by a musical group" in International class 041.

89.     The mark in the '872 Registration is identical to Plaintiff's mark and the use and registration thereof by Defendant for live performances by a musical group is likely to cause confusion, mistake, and deception as to the source or origin of Plaintiff's goods and services and will injure and already has and will damage Plaintiff and the goodwill and reputation symbolized by Plaintiff's THE SOFTONES Mark.

90.     The '512 Application has been suspended in view of Plaintiff's '872 Registration.

91.     Under the circumstances, unless the '872 Registration is cancelled, the '512 Application will be refused and Plaintiff will further lose control over the goodwill he has accumulated over his 45 plus years of use of THE SOFTONES Mark.

**COUNT V**
**Cancellation of the '872 Registration Due to Fraud and Damages**
**Related to the Same**
**Lanham Act, 15 U.S.C. §§ 1119 and 1120**

92.     Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-91.

93.     Defendant was aware that Plaintiff had a superior right in THE SOFTONES mark when Defendant signed the declaration referenced *supra* in Paragraph 42.  Therefore, Plaintiff's statement in the declaration regarding his lack of knowledge of others who had a right to use THE SOFTONES mark was knowingly false.

94.     Upon information and belief, Plaintiff made the statements in his declaration with the intent to deceive the USPTO and cause it to grant the '796 Application.

95.     The USPTO did in fact grant the '796 Application which issued as the '872 Registration.

96.     Plaintiff has been damaged by issuance of the '872 Registration in that Plaintiff cannot obtain his own registration for the SOFTONES Mark.

97.     Plaintiff has been damaged by Defendant's use of the '872 Registration as a basis to allege infringement.

98.     Defendant has been still further damaged by loss of control of his SOFTONES Mark and the goodwill associated therewith.

99.     Plaintiff is entitled to damages for Defendant's use of the fraudulently procured '872 Registration in an amount to be proven at trial.

### Cancellation of the '429 Registration Due to Likelihood of Confusion
### Lanham Act, 15 U.S.C. § 1119

100.     Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-99.

101.     The '429 Registration for THE SOFTONES REVUE claims a date of first use anywhere of September 3, 2023 and a date of first use in commerce of October 8, 2023.

102.     Plaintiff has continuously used THE SOFTONES mark in commerce in the United Sates for live musical performances and for sound recordings for well over 45 years, long before Defendant filed his application for and began using THE SOFTONES REVUE mark.

103.     Plaintiff is a co-owner of U.S. Trademark Application Serial No. 97/285,512 for "musical sound recordings" in International class 009 and "live performances by a musical group" in International class 041.

104.     The mark in the '429 Registration incorporates Plaintiff's mark in its entirety and the use and the registration thereof by Defendant is likely to cause confusion, mistake, and deception as to the source or origin of Plaintiff's goods and services and has and will injure and damage Plaintiff and the goodwill and reputation symbolized by Plaintiff's THE SOFTONES Mark.

105.     Upon information and belief, Plaintiff has used the existence of the '429 Registration to accuse promoters of legitimate SOFTONES performances of infringement and to convince would be promoters of Defendant's performances, such as Mr. Price, that Defendant's band is indeed the genuine SOFTONES.

19

106.     Under the circumstances, unless the '429 Registration is cancelled, the USPTO will likely use the '429 Registration to refuse Plaintiff's application for THE SOFTONES; and Plaintiff will continue to misuse the '429 Registration to threaten third parties and to improperly claim ownership of THE SOFTONES mark.

**COUNT V**
**Cancellation of the '429 Registration Due to Fraud and Damages**
**Related to the Same**
**Lanham Act, 15 U.S.C. §§ 1119 and 1120**

107.     Plaintiff realleges and incorporates herein by reference all of the allegations of paragraphs 1-106.

108.     Defendant was aware that Plaintiff had a superior right in THE SOFTONES mark when Defendant signed the declaration referenced *supra* in Paragraph 53.  Therefore, Defendant's statement in the declaration regarding his lack of knowledge of others who had a right to use a confusingly similar mark was knowingly false.

109.     Upon information and belief, Defendant made the statements in his declaration with the intent to deceive the USPTO and cause it to grant the '279 Application.

110.     The USPTO did in fact grant the '279 Application which issued as the '429 Registration.

111.     Plaintiff has been damaged by the existence of the '429 Registration in that the '429 Registration will likely be used by the USPTO as a basis for refusing Plaintiff's '512 Application.

20

112.     Upon information and belief, Plaintiff has been damaged by Defendant's use of the '429 Registration as a basis to allege infringement against promoters of legitimate performances.

113.     Defendant has been stilled further damaged by loss of control of his SOFTONES Mark and the goodwill associated therewith.

114.     Plaintiff is entitled to damages for Defendant's use of the fraudulently procured '429 Registration in an amount to be proven at trial.

## JURY DEMAND

Pursuant to Rule 38(b), Fed. R. Civ. P., and the Seventh Amendment to the United States Constitution, the Plaintiff hereby demands a trial by jury.

## REQUESTED RELIEF

WHEREFORE, Steven Jackson prays for judgment against Defendant Lorenzo Samuels as follows:

A)     An Order declaring that Defendant uses of THE SOFTONES and THE SOFTONES REVUE name and mark infringes Plaintiff's THE SOFTONES mark, and constitutes unfair competition under federal and state law, as detailed above;

B)     A preliminary and permanent injunction as provided for by 15 U.S.C. § 1116 enjoining Defendant, his respective shareholders, directors, officers, agents, servants, employees, assigns, privies, affiliated companies, and all persons in active concert or participation with them:

1)     From using THE SOFTONES REVUE and THE SOFTONES marks or any other marks, logos, designs, designations, or indicators that

21

are confusingly similar to THE SOFTONES mark in connection with marketing, advertising, or conducting live musical performances including on or in connection with websites, radio, television, social media, and any other media;

2)	From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Plaintiff or affiliated, sponsored, or sanctioned by Plaintiff in any way;

3)	From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B (1)-(2);

C)	An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationary, forms, and/or any other materials and things that contain or bear THE SOFTONES REVUE and THE SOFTONES marks or any other marks, logos, designs, designations, or indicators that are confusingly similar to any THE SOFTONES mark pursuant to 15 U.S.C. § 1118;

D)	An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court, and serve on Plaintiff's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

22

E)      An Order requiring Defendant to account for and pay Plaintiff any and all profits arising from the foregoing acts and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

F)      An Order requiring Defendant to pay Plaintiff damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117;

G)      An Order requiring Defendant to pay Plaintiff's all of its litigation expenses, including reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

H)      An Order requiring Defendant to pay Plaintiff's punitive damages for trademark infringement and unfair competition under Maryland common law;

I)      An Order requiring Defendant to pay statutory damages in the amount of $75,000 pursuant to Md. Code. Ann. § 11-1503

J)      An Order declaring that Defendant perpetrated a fraud on the United States Patent & Trademark Office and Ordering the United States Patent and Trademark Office to cancel Defendant's trademark Registration Nos. 7076872 and 7237429.

//

//

//

//

K)      An Order granting such other relief as the Court may deem

appropriate.


Respectfully submitted,


 /s/ Frederick N. Samuels
Frederick N. Samuels, Esq., Fed. Bar No..: 14027
**CAHN & SAMUELS, LLP**
1100 17th Street N.W., Suite 401
Washington, D.C. 20036
(202) 331-8777
(202) 331-3838 (Facsimile)
Frederick.Samuel@cahnsamuels.com

24